**SALANOA SEFO, CHRISTINA TAAGA, MOEFU SIFOA, and MEMBERS OF THE SALANOA FAMILY, Appellants,**

**v.**

**AULAVA SAUNI, Appellee.**

High Court of American Samoa
Appellate Division

AP No. 13-04
(LT No. 33-02)

January 20, 2005

Before RICHMOND, Associate Justice; and LOGOAI, Chief Associate Judge.

Counsel: For Appellants, Marie A. Ala`ilima
For Appellee, Arthur Ripley, Jr.

## ORDER DENYING MOTION FOR A STAY OF
## EXECUTION OF JUDGMENT PENDING APPEAL

On December 13, 2004, the Land and Titles court denied Appellants' motions for reconsideration or new trial regarding the court's decision entered on August 20, 2004, and to stay execution of the court's judgment pending appeal. Appellants properly first moved for a stay in the trial court and then, upon denial, in the appellate court. A.C.R. 8(a). We heard Appellants' renewed motion to stay execution of the judgment pending appeal on January 13, 2005. The parties' counsels were present and argued the motion.

■ We grant or deny a stay pending appeal on our evaluation of three factors: (1) the likelihood that the appellant will prevail on appeal; (2) the equitable balance between the irreparable harm to the appellant if the stay is denied and irreparable harm to the appellee if the stay is granted; and (3) whether the public interest would be effected by the stay. *Asifoa v. Lualemana*, 17 A.S.R.2d 10, 13-14 and 17 A.S.R.2d 100, 102 (App. Div. 1990).

■ Regarding the Appellants' likelihood of success on appeal, we note that the appeal appears to rest primarily on the Appellants' disagreement with the trial court's findings of fact rather than on any new or difficult questions of law raising reasonable differences of opinion. As such, the prospect of a successful appeal tends to be unlikely. *See Asifoa,* 17 A.S.R.2d at 14. On the other hand, preservation of the status quo while an appeal is pending may have greater importance. *Asifoa,* 17 A.S.R.2d at 103. Appellants have apparently occupied substantial portions of the land at issue for many years. They have built homes on and have extensively farmed the land. Appellee has won the right to register the land as the Aulava family's communal land by the trial court's decision, but it appears that postponing the registration while this appeal is pending will cause Appellee significantly less harm than the harm Appellants would suffer if they must vacate the land before the appeal is decided. *See, e.g., id.*

■ However, though Appellee prayed for Appellants' eviction, the trial court only authorized the Territorial Registrar to register the title as the Aulava family's communal land and has not yet ordered Appellants' eviction. Since this Court now has taken over jurisdiction in this action from the trial court, while the appeal is pending, there is no need to stay execution of the judgment to retain the status quo of Appellants' presence on the land. If Appellants' prevail on appeal, the title registration can be nullified of record. If Appellee prevails, he can then apply to the trial court, or this Court, for Appellants' eviction if the

parties have not reached an accord on future occupancy and use of the land. In other words, Appellants' interests are adequately protected during the appeal without a stay of execution of the judgment pending appeal. The stay motion should be accordingly denied.

█ Finally, we comment in passing on Appellants' claim that a stay would not negatively affect the public interest. We disagree to the extent Appellant maintains no public interest is at stake. The public does have an interest in the finality of judicial decisions and discouragement of appeals unless the issue on appeal is genuine. *Id.,* at 102-03. We do agree that public interest considerations have no overriding determination on the present stay motion.

### Order

Appellants' motion for a stay is denied. It is so ordered.